UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS A. FLYNN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY INTEGRATED SERVICES, INC., a Washington corporation; JOAN CARDWELL; JIM SHISSLER; LEAH HAYDON; and AJ ZACHMAN,<br><br>Defendants. | NO. 1:15-cv-03103-JPH<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is Plaintiff's Motion for Protective Order. ECF No. 36. Defendants responded and Plaintiff replied. ECF No. 39, 40, 48, 49. After considering the motion,

IT IS ORDERED that the motion, **ECF No. 36, is denied**.

Plaintiff asks the Court "to quash Defendants' Subpoena Duces Tecum that were sent to: (a) Apria Healthcare; (b) Sleep Institute of Spokane, LLC; (c) Washington State Department of Labor and Industries; (d) Rockwood Clinic and

- 1 -

(e) Bone & Joint Surgery Center." Plaintiff "further moves that a protective order be entered that prevents Defendants from attempting to obtain medical records until Plaintiff has been given time to produce records in accordance with the FRCP." ECF No. 36 at pp. 1-2. Plaintiff asserts a protective order should be entered that "prevents defendants from attempting to obtain plaintiff's confidential medical records. Through proper discovery, Defendants can obtain non-privileged medical information." ECF No. 36 at p. 4.

Defendants respond as follows:

1. Plaintiff failed to meet and confer pursuant to Federal Rule 26(c)(1) and Local Rule 37.1(b) prior to filing his motion and therefore, the motion is not properly before the Court. Plaintiff agrees the parties did not meet and confer but alleges the "onus of responsibility was on defense counsel to meet and confer before sending Notices of Intent to Serve Subpoenas along with the Subpoenas." ECF No. 48 at page 2.

2. Plaintiff's motion fails to meet the good cause requirement for a protective order under Fed. R. Civ. P. 26(c)(1). Additionally, Plaintiff fails to "submit a proposed protective order proposing that the Court to [sic] protect the disclosure of any of his medical records, or portions of his medical records." Plaintiff filed a proposed order with his reply. ECF No. 49.

3. Plaintiff's motion to quash is inapposite, and not properly before the Court because no subpoenas have been served in this case.

4. Plaintiff's medical records are relevant and discoverable because Plaintiff has put his alleged medical conditions at the forefront of his claims against the Defendants in this lawsuit, particularly with respect to his mental health issues and sleep disorders. Plaintiff has also alleged he has atrial

fibrillation and neurological and musculoskeletal problems which relate to his claims, making these conditions also relevant and discoverable. Plaintiff has also waived privilege under RCW 5.60.060(4)(b). Plaintiff alleges this statute does not apply to him because his is a wrongful termination, rather than physical injury or wrongful death, claim. ECF No. 48 at page 3, ¶4.

Defendants further allege medical providers should be allowed to produce all records in their possession regarding Plaintiff's "mental health issues, sleep disorders and other alleged medical conditions in this lawsuit. This information is relevant, discoverable and central to the issues of liability and damages in this case." Mental health issues include a record of treatment for depression and post-traumatic stress disorder. Plaintiff alleges his medical conditions limit his employment opportunities. [Plaintiff alleges his employment was wrongfully terminated. ECF No. 20 at ¶3.36 of p. 11.]

Defendants allege Plaintiff should be ordered to pay the Defendants' reasonable expenses and attorneys' fees under Federal Rule 37(a)(5)(B) because the motion is not substantially justified. ECF No. 39 at pp. 1-3, citing, in part. ECF No. 1 at ¶3.6 (original complaint) and ECF No. 20 at ¶¶3.44, 3.54, p. 17 (amended complaint).

The Court finds Plaintiff's motion should be denied because Defendants are entitled to relevant and discoverable information relating to the alleged medical conditions that are essential to Plaintiff's claim for damages.

Plaintiff's motion to quash is denied as premature because no subpoenas have been served. Consistent with this Order, they may now be properly served.

Defendants' motion for fees and expenses is denied at this time. However, in the future, Plaintiff is cautioned that he must meet the requirements of meeting and conferring with counsel prior to filing motions.

DATED this 21st day of December, 2015.

s/ James P. Hutton
JAMES P. HUTTON
U.S. MAGISTRATE JUDGE