UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS A. FLYNN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY INTEGRATED SERVICES, INC., a Washington corporation; JOAN CARDWELL; JIM SHISSLER; LEAH HAYDON; and A.J. ZACHMAN,<br><br>Defendants. | NO. 1:15-cv-03103-MKD<br><br>ORDER ON DISCOVERY MOTIONS<br><br>ECF Nos. 54, 61, 63, 65 |

**BEFORE THE COURT** are four motions, with accompanying responses and replies: (1) Defendants' motion for protective order and injunctive relief (ECF No. 54); (2) Defendants' motion to compel plaintiff's deposition (ECF No.

61); (3) Plaintiff's motion to compel (ECF No. 63); and (4) Plaintiff's motion to issue subpoenas for depositions (ECF No. 65).

On February 26, 2016, the Court conducted a hearing on these motions. ECF No. 60.  Plaintiff appeared pro se.  Shawna Lydon appeared for Defendants.

The Court has considered the parties' pleadings and arguments, and is fully informed.  After review, the Court enters the following order:

## DISCOVERY STANDARDS

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Proctor & Gamble*, 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Fed. R. Civ. P. 26(b)(1) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Evid. 410 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 provides that all relevant evidence is admissible except as otherwise provided by the U.S. Constitution, Act of Congress, or applicable rule of the Federal Rules of Evidence.

Finally, on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

The party resisting discovery carries the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The Court has broad discretion in controlling discovery, *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and in determining whether discovery is burdensome or oppressive. The Court may fashion any order which

justice requires to protect a party or person from undue burden, oppression, or expense. *United States v. Columbia Board. Sys., Inc*., 666 F.2d 364, 369 (9th Cir. 1982) *cert. denied*, 457 U.S. 1118 (1982).

To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance. Specifically, the moving party must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975).

## DISCUSSION

**A. Defendants' Motion for Protective Order (ECF No. 54)**

Defendants seek protective orders requesting the following relief: (1) an order requiring Plaintiff to note Defendants depositions in Spokane, Washington, instead of Yakima, Washington; (2) an order requiring Plaintiff to schedule at least two depositions per day; and (3) an order precluding Plaintiff from communicating with CIS's clients.

First, Defendants seek a protective order requiring that Defendants be deposed in Spokane County, or within 100 miles of where they reside. ECF No. 54 at 7. Plaintiff seeks to depose Defendants in Yakima, Washington. ECF No. 67 at 2, 5-8.

Under Fed. R. Civ. P. 45(c)(1)(A), a subpoena may command a person to attend a deposition within 100 miles of where they reside, are employed, or regularly transact business. However, the rule is more expansive for a party or an officer of a party. Fed. R. Civ. P. 45(c)(1)(B) provides that a party or a party's officer may be commanded to appear at a deposition "within the state where the person resides, is employed, or regularly transacts business." Here, the individuals at issue are named defendants and all reside in Washington. As a result, the Court DENIES Defendants' motion for a protective order. Pursuant to Rule 45(c)(1)(B), the Plaintiff is permitted to note Defendants' depositions in Yakima, Washington. Plaintiff will bear the expense of deposing these parties and any other witnesses he wishes to depose.

Next, Defendants seek a protective order requiring Plaintiff to schedule at least two depositions a day to minimize travel expenses for Defendants and defense counsel. According to Fed. R. Civ. P. 30(d)(1), a party may depose a witness for one day, up to seven hours. During the hearing, Plaintiff indicated that he did not believe that the depositions will take a full day, and in fact, Plaintiff estimated that they would take approximately two hours. The Court GRANTS the motion in part and ORDERS that Plaintiff schedule two depositions per day, with the following exception. Plaintiff is permitted to conduct a

deposition for seven hours.  If a particular deposition has not concluded, despite the scheduling of another deposition that day, Plaintiff is permitted to conclude (within seven hours) the first deposition.  The Court ORDERS that the parties file a status report on March 7, 2016, detailing the progress they have made in scheduling the depositions of Defendants.

Third, Defendants seek an order precluding Plaintiff from meeting with or interviewing CIS clients due to the terms of Plaintiff's employment contract, due to CIS clients' being vulnerable adults suffering from cognitive and developmental disabilities and mental health issues, outside of a properly-noted deposition.  ECF No. 54 at 8-9.  At the hearing, Plaintiff indicated he wished to contact CIS clients to maintain a personal relationship with them, as well as at some point interview them about the subject matter of the litigation.  Plaintiff stated he did not intend to interview CIS clients regarding the subject matter of the litigation without Defendants' counsel present.

The Court is cognizant of the fact that this case presents unique circumstances.  CIS clients are vulnerable adults, who suffer from various and varying development disabilities, mental health issues, and behavioral problems.  In addition, Plaintiff, while employed at CIS, had access to substantial information regarding the clients' medical and mental health circumstances and

other personal information. Some of the legal guardians and adoptive parents of CIS clients have objected to Plaintiff interacting with CIS clients. However, the Court is also sensitive to the fact that depositions are a more costly mechanism to acquire discovery and relevant information in litigation. Plaintiff is proceeding pro se and has expressed concerns regarding his ability to afford the cost of a court reporter and/or location fee to conduct a deposition.

The Court notes Plaintiff seeks what appears to be arguably relevant evidence, given the nature of the claims and responses in the answer.

Accordingly, **IT IS ORDERED:**

Defendants' motion for protective order, ECF No. 54, is GRANTED in part. Plaintiff is permitted to interview the clients of CIS, with the following conditions:

(1) Defendants' counsel must either be present or waive presence at an interview with a CIS client.

(2) If the client has a guardian, or a person with a power of attorney, they must also be present for any interview by Plaintiff.

(3) The clients (or their legal guardians) may decline for the client to be interviewed. If the clients do not wish to be interviewed, Plaintiff will need to

other personal information. Some of the legal guardians and adoptive parents of CIS clients have objected to Plaintiff interacting with CIS clients. However, the Court is also sensitive to the fact that depositions are a more costly mechanism to acquire discovery and relevant information in litigation. Plaintiff is proceeding pro se and has expressed concerns regarding his ability to afford the cost of a court reporter and/or location fee to conduct a deposition.

The Court notes Plaintiff seeks what appears to be arguably relevant evidence, given the nature of the claims and responses in the answer.

Accordingly, **IT IS ORDERED:**

Defendants' motion for protective order, ECF No. 54, is GRANTED in part. Plaintiff is permitted to interview the clients of CIS, with the following conditions:

(1) Defendants' counsel must either be present or waive presence at an interview with a CIS client.

(2) If the client has a guardian, or a person with a power of attorney, they must also be present for any interview by Plaintiff.

(3) The clients (or their legal guardians) may decline for the client to be interviewed. If the clients do not wish to be interviewed, Plaintiff will need to

conduct their depositions at his own expense, with the same requirements as outlined above.

(4) Per the parties' agreement at the hearing, if any deposition of CIS's clients are scheduled, the Court requires that the undersigned judicial officer's schedule be consulted so that the judicial officer may be present to rule on any objections during the course of depositions. The Court will seek space in the federal courthouse in Spokane, but the party taking the deposition is otherwise responsible for the costs of these depositions.

Plaintiff may interview or, if necessary, depose clients of CIS, but only as outlined herein.

To the extent Plaintiff has asked the Court to make determinations with respect to Plaintiff's future contact with, and personal relationships to, clients of CIS, the Court declines to address that matter. Those issues are outside the Court's purview, except insofar as it relates the discovery issues described herein.

**B. Defendants' Motion to Compel Deposition of Plaintiff (ECF No. 61)**

Defendants move the Court to compel the deposition of Plaintiff within 14 days, contending that Plaintiff has refused to be deposed until all other discovery is complete, unless Defendants assure they will not seek any additional deposition of Plaintiff. ECF No. 61 at 7-8. Plaintiff opposes the motion, requesting that his

deposition be scheduled after all other written discovery is complete and Defendants have been deposed, unless Defendants agree to depose him only once. ECF No. 69 at 2-3.

Fed. R. Civ. P. 26(d)(2)(A) provides that the discovery methods set forth in the rules may be used in any sequence. Fed. R. Civ. P. 26(d)(2)(B) further provides that discovery by one party does not require another party to delay its discovery. Accordingly, Plaintiff may choose the order of his discovery, but he may not dictate the order of Defendants' discovery. The Court GRANTS Defendant's motion to compel the deposition of the Plaintiff. At the hearing, the Court ordered the parties to mutually agree on a date (within 30 days) and location for Plaintiff's deposition. The parties chose March 18, 2016, in Yakima. Accordingly, the Court ORDERS that Plaintiff's deposition be conducted on March 18, 2016, in Yakima, at a specific location to be determined by Defendants. This date may be changed only by consent of all parties or by Court order.

In the event Defendants seek an additional deposition of Plaintiff, Defendants must request leave of court. *See* Fed. R. Civ. P. 26(b)(2), 30(a)(2)(A)(ii).

**C. Plaintiff's Motion to Compel (ECF No. 63)**

Plaintiff alleges Defendants have failed to provide complete responses to interrogatories (A-G, M-R) and requests for production of documents (A, B, D, E, F, I and J).  Defendants respond that they were never served with ECF No. 64-1, the document Plaintiff relies on in his motion to compel. ECF No. 71 at 1.

Counsel for Defendants acknowledged at the hearing that they were served with a document containing the same content Plaintiff alleges, but under a different title.  Defendants further contend that Plaintiff's interrogatories contained numerous discrete subparts that caused Plaintiff to exceed the 25 interrogatories permitted by Fed. R. Civ. P. 33(a)(1).  Defendants contend they answered the first 25 of the interrogatories.

After consideration, Plaintiff's motion to compel, ECF No. 63, is GRANTED in part.  First, the Court directs that Plaintiff may serve ten (10) additional interrogatories.  Prior to responding to the interrogatories, Plaintiff and Defendants are ordered to confer about the nature of the ten interrogatories.  If the parties cannot reach agreement about the number and content of the interrogatories, they are ordered to submit the interrogatories to the Court for review, pursuant to the procedure set forth at the end of this order.

Second, in the motion to compel, Plaintiff seeks the records of past direct service employees of CIS who were suspected of, or found, sleeping on the job, and any ensuing action or inaction by CIS.  Defendants are directed to inquire of CIS employees, including, but not limited to, the owners, management, supervisors, and human resources department, and/or other persons affiliated with CIS who may have knowledge about the existence and/or location of any such records, and provide any responsive information to Plaintiff.

**D. Plaintiff's Motion to Issue Subpoenas** (ECF No. 65)

Plaintiff moves the Court to issue subpoenas for the deposition testimony for two witnesses.  ECF No. 65 at 1-2.  Defendants do not object to the witnesses being served subpoenas for testimony, if done in compliance with Fed. R. Civ. P. 45, and set for a date that is mutually agreeable to the parties.  ECF No. 76 at 1-2.

Fed. R. Civ. P. 45(b) provides that service is to be effectuated by the party seeking the deposition, not the Court.  Leave of court is not required to serve the subpoenas.  *See* Fed. R. Civ. P. 30 (a)(1).  As a result, the Court DENIES Plaintiff's motion as unnecessary.  However, given the difficulty the parties have encountered in scheduling the depositions, the Court ORDERS as follows: (1) the parties are to hold a conference call with each of the two named witnesses within seven days; (2) in that conference call, the parties and the witness shall mutually

agree on a date, time, and location for a deposition that comports with the requirements of Fed. R. Civ. P. 45, and the method by which the witness will be served with the deposition subpoena; and (3) the parties are to file a status report with the Court by March 7, 2016, informing the Court of the date, time, location, and service method for each of the two named witnesses.

Future discovery disputes will be addressed as follows: Each party will present to the Court informally a letter brief not to exceed three pages summarizing the dispute.  The Court will schedule a conference call with the parties within two working days to resolve the dispute.

Accordingly,

**IT IS ORDERED:**

1. Defendants' motion for protective order, **ECF No. 54**, is **granted in part.**

2.  Defendants' motion to compel Plaintiff's deposition, **ECF No. 61**, is **granted.**

3. Plaintiff's motion to compel, **ECF No. 63,** is **granted in part.**

4. Plaintiff's motion for leave to file subpoenas, **ECF No. 65**, is **denied as unnecessary.**

The District Court Executive is directed to file this order and provide

copies to plaintiff and defendants' counsel.

DATED this 2nd day of March, 2016.

*s/ Mary K. Dimke*

Mary K. Dimke
U.S. Magistrate Judge